```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

RASHAD RASHEED,
     Plaintiff,

          v.                                CIVIL ACTION NO.
                                            10-11253-GAO
ANGELA D'ANTONIO et al.,
     Defendants.

**MEMORANDUM AND ORDER RE:
PLAINTIFF'S RENEWED MOTION FOR
APPOINTMENT OF COUNSEL
(DOCKET ENTRY # 177)**

**November 28, 2011**

**BOWLER, U.S.M.J.**

Plaintiff Rashad Rasheed seeks appointment of counsel to represent him in this civil rights action. (Docket Entry # 177). The court denied an earlier motion for appointment of counsel without prejudice. (Docket Entry # 6).

DISCUSSION

"Indigent litigants possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3rd Cir. 2002) (recognizing that 28 U.S.C. § 1915(e)(1) gives the court statutory authority to request appointed counsel); accord DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) ("[t]here is no absolute constitutional right to a free lawyer in a civil case"). That said, 28 U.S.C. § 1915(e)(1) gives a court the discretion to request appointed

counsel for "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see Weir v. Potter, 214 F.Supp.2d 53, 54 (D.Mass. 2002) (citing section 1915(e)(1) and noting that appointment is discretionary).

In order to obtain appointed counsel, there must be a showing of both indigency and exceptional circumstances. DesRosiers v. Moran, 949 F.2d at 23; accord Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"); Weir v. Potter, 214 F.Supp.2d at 54. To determine whether exceptional circumstances exist, a court "examine[s] the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers v. Moran, 949 F.2d at 23; see Weir v. Potter, 214 F.Supp.2d at 54 (in assessing whether exceptional circumstances exist to warrant appointment, courts consider "merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent [him]self").

In the case at bar, the law is not complex and plaintiff's filings evidence an adequate level of understanding of the law. Considering all of the relevant factors, this case does not warrant appointment of counsel. If necessary, plaintiff may

reapply for appointment after a ruling on the pending dispositive motions.

## CONCLUSION

In accordance with the foregoing discussion, the motion for appointment of counsel (Docket Entry # 177) is **DENIED** without prejudice.

                                  /s/ Marianne B. Bowler
                                  **MARIANNE B. BOWLER**
                                  United States Magistrate Judge