UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11253-GAO

RASHAD RASHEED,

Plaintiff,

v.

ANGELA D'ANTONIO, et al,

Defendants.

## ORDER
March 27, 2012

O'TOOLE, D.J.

After review of the magistrate judge's Report and Recommendation and the plaintiff's objections thereto, as well as other relevant pleadings and submissions, I concur with and ADOPT the recommendation that the motion of the defendant Hager to dismiss the complaint as to him (dkt. no. 142) be ALLOWED. The complaint is dismissed as to Hager.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHAD RASHEED,
    Plaintiff,

v.

                                                      CIVIL ACTION NO.
                                                      10-11253-GAO

ANGELA D'ANTONIO et al.,
    Defendants.

**REPORT AND RECOMMENDATION RE:
DEFENDANT DONALD HAGER'S MOTION TO DISMISS
(DOCKET ENTRY # 142)
MARCH 12, 2012**

**BOWLER, U.S.M.J.**

The pro se amended complaint filed by plaintiff Rashad Rasheed ("plaintiff") alleges violations of his federal constitutional rights and violations of state law during his confinement at Souza-Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts. (Docket Entry # 8). He seeks a declaratory judgment, injunctive relief, compensatory damages, punitive damages, typing costs, costs and attorney's fees. (Docket Entry # 8).

Pending before this court is a motion to dismiss filed by proposed defendant Donald Hager ("defendant Hager"), an employee of MHM Services Inc. ("MHM").[1]  (Docket Entry # 142).  Defendant

---

[1] MHM was previously a defendant in this action as well as a number of other individual MHM employees ("MHM defendants"). (Docket Entry ## 8 & 19). On February 23, 2011, MHM defendants filed a motion to dismiss. (Docket Entry # 99). On August 1, 2011, this court issued a report and recommendation recommending the allowance of MHM defendants' motion to dismiss. (Docket Entry # 150). On September 19, 2011, the court adopted the report and recommendation. (Docket Entry # 159).

Hager moves to dismiss the amended complaint pursuant to Rule 12(b)(4), Fed. R. Civ. P. ("Rule 12(b)(4)"), and Rule 12(b)(5), Fed. R. Civ. P. ("Rule 12(b)(5)"), for insufficient service of process under Rule 4(e), Fed. R. Civ. P. ("Rule 4(e)"). In the alternative, defendant Hager moves to dismiss the amended complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. ("Rule 12(b)(6)"), for the failure to state a claim for which relief can be granted.

PROCEDURAL BACKGROUND

Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983 on July 22, 2010. (Docket Entry # 1). The 15 count complaint alleged numerous violations of his federal and state rights while in the custody of the Massachusetts Department of Corrections ("DOC"). (Docket Entry # 1). On September 24, 2010, plaintiff submitted a corrected complaint (Docket Entry # 8) as of right intended to resolve a photocopy error. (Docket Entry ## 8, 60 & 63); see Rule 15(a), Fed. R. Civ. P.

On October 20, 2010, plaintiff moved to amend the complaint based on facts "taking place after the filing of" the original complaint. (Docket Entry # 17). Hence, although the motion cites Rule 15(a), Fed. R. Civ. P., the correct subsection is Rule 15(d), Fed. R. Civ. P. On April 8, 2011, this court allowed the motion to amend.[2] (Docket Entry # 17). In light of plaintiff's

---

[2] At a May 9, 2011 hearing, plaintiff reiterated his assertion that he intended to supplement the complaint with the amendment, not replace the corrected complaint. The above noted ruling

pro se status, the proposed amended complaint (Docket Entry # 19) therefore supplements and is in addition to the aforementioned amended complaint (Docket Entry # 8). As set forth in the report and recommendation, the first amended complaint (Docket Entry # 8) supplemented by the supplemental complaint (Docket Entry # 19) governs these proceedings ("operative complaint"). (Docket Entry # 150).

Plaintiff filed a motion to amend on March 21, 2011 (Docket Entry # 112) and filed an amended complaint on April 25, 2011 ("April 2011 complaint") (Docket Entry # 122). The motion to amend was denied by this court on August 12, 2011, because plaintiff did not receive leave of this court to file the amended complaint. The April 2011 complaint forms the foundation for plaintiff's allegations against defendant Hager and the service of the April 2011 complaint forms part of the foundation for defendant Hager's motion to dismiss. (Docket Entry # 142).[3]

I. DEFENDANT HAGER'S MOTION TO DISMISS (DOCKET ENTRY # 142)

Defendant Hager seeks to dismiss the April 2011 complaint for improper service of an unsigned and undated, thus invalid, complaint pursuant to Rule 11(a), Fed. R. Civ. P. ("Rule 11(a)").[4] Defendant Hager contends that because the April 2011

---

adheres to this expressed intention.
[3] The operative complaint does not name or otherwise mention defendant Hager.
[4] This court notes that the copy of the April 2011 complaint contains a date and signature on the last page. This court was not furnished with a copy of the defective April 2011 complaint in support of defendant Hager's motion.

3

complaint he was served with was not signed and is also not the operative complaint, the service was improper under Rule 4(e).

A defendant may move to dismiss a complaint or quash the service of process when the plaintiff fails to comply with the requirements of Rule 4. See Rule 4, Fed. R. Civ. P. "Rules 12(b)(4) and (5)" allow a proposed defendant "to challenge irregularities in the contents of the summons (Rule 12(b)(4)) and irregularities in the manner of delivery of the summons and complaint (Rule 12(b)(5))." Chilicky v. Schweiker, 796 F.2d 1131, 1136 (9th Cir. 1986). Objections to sufficiency of process or the service of process "must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized." O'Brien v. R.J. O'Brien Assocs., 998 F.2d 1394, 1400 (7th Cir. 1993). In all challenges to the sufficiency of either the process or the service of process, the burden of proof lies with the challenging party. See Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 404 (7th Cir. 1986) (the defendant bears the burden of proof when challenging sufficiency of service of process). Omission of a signature on a pleading, motion or paper will result in its being stricken, unless it is signed promptly after the omission is brought to the attention of the pleader or movant. See Wrenn v. New York City Health & Hosps. Corp., 104 F.R.D. 553 (S.D.N.Y. 1985) (invalidating an unsigned pleading to amend a complaint when the defendant's counsel left pleading unsigned for five weeks after notification of defect).

4

In the alternative, defendant Hager seeks to dismiss the April 2011 complaint pursuant to Rule 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6) a complaint must assert sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 547 (2007); see Restucci v. Clarke, 669 F.Supp.2d 150, 154 (D.Mass. 2009). The court "accept[s] as true all well pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citing Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir. 2008)). While "detailed factual allegations" are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. at 555; Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008). Although a pro se complaint is held to a less stringent standard than pleadings drafted by lawyers, "a court . . . will not 'conjure up unpled allegations' . . . to state an actionable claim." Restucci v. Clarke, 669 F.Supp.2d at 155 (quoting McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979)).

Viewed in a light most favorable to plaintiff, the facts show the following.

## FACTUAL BACKGROUND

Plaintiff is a state prisoner currently housed at SBCC. (Docket Entry # 8). At the time of the events described in the operative complaint, MHM had a contract with DOC to provide mental health services to state inmates. (Docket Entry # 8, ¶ 44).

Defendant Hager is employed as the grievance and appeal coordinator for MHM. (Docket Entry # 122, ¶ 55).[5] On April 19, 2010, plaintiff filed a grievance ("MHM grievance") with MHM stating that former defendant Brooke Van Sciver ("former defendant Van Sciver") ignored plaintiff's prescribed mental health single bunk cell restriction and conspired with defendants Thomas Dickhaut ("defendant Dickhaut") and Anthony Mendosa ("defendant Mendosa") to violate plaintiff's federal rights by housing him in a double bunk. (Docket Entry # 122, ¶¶ 173 & 174). On May 10, 2010, former defendant John Beland ("former defendant Beland") denied the MHM grievance and noted that "mental health does not dictate housing/classification decisions; it is the sole discretion of the [DOC] to make final decisions regarding classification and housing." (Docket Entry # 122, ¶ 175). On May 12, 2010, plaintiff appealed the denied grievance to former defendant Heidi Herrick-Lynn ("former defendant

---

[5] Where identified by docket entry number 122, the factual background refers to facts in the April 2011 complaint. As previously noted, defendant Hager is not named or referred to in the operative complaint.

6

Herrick-Lynn"). (Docket Entry # 122, ¶ 176). On June 3, 2010, former defendant Herrick-Lynn, with the approval of former defendant Joel Andrade ("former defendant Andrade") and former defendant George Johns ("former defendant Johns"), denied plaintiff's first appeal stating that the "final decision about [single cell] is at the discretion of the [DOC]."[6] (Docket Entry # 122, ¶¶ 177, 178 & 179).

On June 8, 2010, plaintiff appealed the denial of the first MHM grievance appeal to defendant Peter Heffernan ("defendant Heffernan"). (Docket Entry # 122, ¶ 180). On February 28, 2011, defendant Heffernan denied plaintiff's second appeal stating that, "While MHM . . . may recommend a single cell for mental health reasons; the final decision is at the discretion of the [DOC]." (Docket Entry # 122, ¶ 181 & Ex. E). At the bottom of the denial letter, defendant Hager and former defendant Andrade were carbon copied. (Docket Entry # 122, Ex. E).

On April 25, 2011, plaintiff filed the April 2011 complaint. (Docket Entry # 122). On May 12, 2011, a summons and the April 2011 complaint were served by a U.S. Marshal at MHM's offices in Norton, Massachusetts and were accepted on behalf of MHM's employee, defendant Hager. (Docket Entry # 131).

## DISCUSSION

Defendant Hager first argues that the motion to dismiss

---

[6] The report and recommendation recommended dismissal of all of the aforementioned "former" defendants. (Docket Entry # 150).

should be allowed because the complaint served on him was undated and unsigned. As noted above, plaintiff filed the April 2011 complaint. The April 2011 complaint plaintiff filed is signed and dated. The lack of a signature is therefore only discussed in brief.

Rule 11(a) states that:

> [e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Rule 11(a), Fed. R. Civ. P. Case law indicates that there are exceptions to this rule. An unsigned pleading is not invalid. See Holley Coal Co. v. Globe Indem. Co., 186 F.2d 291 (W.Va. 1950) (holding that unsigned answer was valid and decision was within discretion of the court); see also Casanova v. Dubois, 289 F.3d 142 (1st Cir. 2002) (omission of signature was simply technical mistake and promptly corrected with respect to unsigned notice of appeal).

Because there is no evidence that the omission of a signature was brought to plaintiff's attention and plaintiff filed a signed and dated copy of the April 2011 complaint, the April 2011 complaint and the allegations therein are not subject to dismissal based on the argument that the pleading is not

signed.

Defendant Hager also argues that the April 2011 complaint was never adopted by the court as part of the operative complaint. He is correct. Rule 4(e) states that:

> **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;

Rule 4(e), Fed. R. Civ. P.

On August 12, 2011, this court denied plaintiff's March 21, 2011 motion to amend his complaint (Docket Entry # 112) and the motion to reissue and issue summons for a number of defendants and new defendants (Docket Entry # 113) because plaintiff was not granted leave from the court to amend and reissue such summons. Prior thereto, on October 20, 2010, this court allowed leave to amend the complaint and to supplement the complaint. (Docket Entry ## 8 & 19). The report and recommendation (Docket Entry # 150) and its adoption by the court (Docket Entry # 159) establish that the latter two pleadings (Docket Entry ## 8 & 19) constitute the operative complaint. Defendant Hager is not included in any of the allegations in the operative complaint. In any event, the service of the April 2011 complaint on defendant Hager is invalid

9

under Rule 4(e) because defendant Hager was not served the operative complaint.

In the alternative, even if the April 2011 complaint (Docket Entry # 122) were part of the operative complaint (Docket Entry ## 8 & 19), the only allegation in that complaint against defendant Hager appears at paragraph 199. (Docket Entry # 122, ¶ 199). Plaintiff alleges that defendant Hager denied plaintiff's grievance appeal on February 28, 2011, resulting in a violation of the Eighth Amendment. (Docket Entry # 122, ¶ 199). Defendant Hager moves to dismiss the allegations for failure to state a claim for which relief can be granted.

Conditions of confinement that impose "unnecessary or wanton infliction of pain" on a prison inmate violate the Eighth Amendment's prohibition of cruel and unusual punishments. Restucci v. Clarke, 669 F.Supp.2d at 155 (quoting Gregg v. Georgia, 428 U.S. 153 (1976)). In order to sufficiently state a claim based on conditions of confinement, a plaintiff must meet two requirements. Restucci v. Clarke, 669 F.Supp.2d at 155-156. First, the complaint must allege that the plaintiff suffered an objectively serious deprivation as a result of confinement. Restucci v. Clarke, 669 F.Supp.2d at 155-156; see Burrell v. Hampshire County, 307 F.3d at 8 (1st Cir. 2002). Second, there must be a showing "that prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety." Burrell v. Hampshire County,

307 F.3d at 8.

Turning to whether plaintiff sets out an objectively serious deprivation, a deprivation as a result of conditions of confinement only gives rise to an Eighth Amendment claim where a plaintiff alleges he has been denied the "'minimal civilized measure of life's necessities.'" Restucci v. Clarke, 669 F.Supp.2d at 155 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Moreover, a failure to properly treat or consider an inmate's mental health illness may constitute a deprivation sufficiently serious to violate the Eighth Amendment. See Toracco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991).

Plaintiff's claim against defendant Hager however rests primarily on the assertion that he violated the Eighth Amendment by denying plaintiff's appeal of his grievance. The underlying grievance concerned plaintiff's placement in a double bunk cell. (Docket Entry # 122, ¶ 199). The facts do not support the alleged Eight Amendment violation. Plaintiff was housed with another inmate from May 3 to May 4, 2009 and January 6 to January 7, 2010. At the time defendant Hager denied plaintiff's appeal, February 28, 2011, plaintiff had no cellmate.

Defendant Hager's denial therefore had no effect on plaintiff being housed with another inmate and plaintiff has not shown that defendant Hager caused or contributed to causing plaintiff to suffer "an objectively serious deprivation as a result of confinement" or that defendant Hager had a

11

"deliberate[ly] indifferen[t]" state of mind as to plaintiff's health or safety. See Restucci v. Clarke, 669 F.Supp.2d at 155-156; see also Burrell v. Hampshire County, 307 F.3d at 8.

Finally, there is "no constitutional right that is violated by prison officials' refusal to accord a prisoner the remedies he seeks when he uses the prison grievance process." Ruffin v. Brann, 2009 WL 3747189, at *4 (D.Me. Nov. 5, 2009) (the plaintiff alleged that grievance coordinators "leaked" confidential information and the court found no constitutional violation or affirmative steps that placed the plaintiff in jeopardy); see also Hennessy v. Dennehy, 2010 WL 3464234, at *9 (D.Mass. Sept. 1, 2010) (finding no Eighth Amendment violation or claim for relief when the plaintiff's grievance appeal was denied). "The nature of this particular grievance did not relate to an ongoing violation, so these officers cannot be considered as having had knowledge of a harm of constitutional dimension and then allowing the circumstances giving rise to harm to continue." Ruffin, 2009 WL 3747189, at *4. Finally, "[a]s other circuits have recognized, there is no constitutional right to participate in grievance proceedings." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)).

Defendant Hager denied plaintiff's grievance appeal and reiterated that the DOC, not MHM or MHM defendants, was the party that made decisions regarding plaintiff's final cell assignment. In light of the above, plaintiff fails to set out facts giving

rise to a plausible violation of the Eighth Amendment.

## CONCLUSION

Accordingly, this court **RECOMMENDS**[7] that defendant Hager's motion to dismiss (Docket Entry # 142) be **ALLOWED** and that the claims against defendant Hager be **DISMISSED**.

>          /s/ Marianne B. Bowler
> **MARIANNE B. BOWLER**
> United States Magistrate Judge

---

[7] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.